AMY, PETICIONARIO, *v.* HUTCHISON, JUEZ DE DISTRITO, DEMANDADO.

SOLICITUD para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Guayama, en un caso de desacato.

No. 107.—Resuelto en marzo 27, 1914.

CERTIORARI INTERPUESTO PENDIENTE UN HABEAS CORPUS.—No es procedente el recurso de *certiorari* cuando sobre las mismas cuestiones se ha interpuesto un procedimiento de *habeas corpus* que está pendiente de apelación, porque este es remedio adecuado, rápido y eficaz.

Los hechos están expresados en la opinión.
Abogado del peticionario: *Sr. F. Cervoni Gely.*
El demandado no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

A instancia jurada de Alfredo Amy expedimos un auto de *certiorari* contra el Hon. H. M. Hutchison, Juez del Tribunal de Distrito de Guayama, para que remitiese las diligencias que había practicado para castigar por desacato al peticionario.

Este es un caso raro, porque con el fin de anular la sentencia que condenó al peticionario por el delito de desacato

se han utilizado dos procedimientos extraordinarios, el de *habeas corpus,* contra cuya resolución adversa a Amy se ha establecido recurso de apelación que pende de nuestra resolución, y también el de *certiorari* establecido después que el *habeas corpus* fué denegado y apelado. Ambos procedimientos se basan en que el tribunal inferior no tenía jurisdicción para castigarle por desacato.

Según hemos resuelto ya en repetidas sentencias, el recurso de *certiorari* no es procedente cuando en el curso ordinario de la ley existe otro remedio rápido, adecuado y eficaz para corregir el defecto alegado en el *certiorari* y como en este caso se había ejercitado el de *habeas corpus,* cuya resolución denegatoria había sido apelada para ante nosotros, éste es un procedimiento tan rápido, adecuado y eficaz como el de *certiorari,* por cuya razón no debemos considerar el presente recurso y sí anular el auto expedido.

*Anulado el mandamiento de* certiorari *expedido.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.